NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 14 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARLENE M. CONLEY,

　　　　　　Plaintiff - Appellant,

　v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

　　　　　　Defendant - Appellee.

No. 11-35120

D.C. No. 9:10-cv-00035-JCL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Argued and Submitted March 6, 2012
Portland, Oregon

Before: W. FLETCHER, FISHER, and BYBEE, Circuit Judges.

　　Marlene Conley appeals the decision of the district court upholding the final

determination of the Social Security Commissioner denying her claim for disability

insurance benefits and supplemental security income benefits under Titles II and

XVI of the Social Security Act.  Because we conclude that the ALJ's decision was

---

　　[*]　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

not based on legal error and was supported by substantial evidence, *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009), we affirm.

Conley argues that the ALJ "erred as a matter of law in its credibility analysis as to Conley herself." The ALJ found that Conley suffers from systemic lupus erythematosus and fibromyalgia, both of which could reasonably produce the symptoms complained of, and that there was no evidence of malingering. An adverse credibility finding must therefore be based on clear and convincing reasons. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). In making the credibility determination, the ALJ may consider "inconsistencies between the claimant's testimony and . . . her conduct, daily activities, and work record." *Bray*, 554 F.3d at 1227.

In finding that Conley was "not entirely credible," the ALJ pointed to specific evidence for rejecting Conley's subjective complaints, including that Conley was not forthcoming about providing regular care for three of her grandchildren, two of which are toddlers and require significant attention. The ALJ also cited Conley's ability to care for her personal needs, take care of her dog, visit with her mother and friends daily, perform household chores, watch up to four hours of movies per day, and swim on a regular basis in the summer of 2007.

Although the ALJ's reliance on Conley's swimming is questionable, because he cited to several clear and convincing reasons for finding Conley's testimony not entirely credible, the ALJ did not err in discounting Conley's subjective complaints.

Conley next contends that the ALJ committed legal error because he failed to properly defer to the medical specialty expertise of Dr. Van Belois, diminished Dr. Van Belois's contribution and expertise by dissecting the evidence, and mischaracterized medical evidence such that it contributed to the diminution of Dr. Van Belois's specialty. The ALJ is responsible for resolving conflicts in the medical record. *Carmickle*, 533 F.3d at 1164. In general, opinions of a treating physician should be given substantial weight, *Bray*, 554 F.3d at 1228, because she has a "greater opportunity to know and observe the patient," *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (internal quotation marks omitted). The ALJ may reject the contradicted opinion of a treating or examining physician only by providing "'specific and legitimate reasons that are supported by substantial evidence in the record.'" *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (quoting *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995)).

The ALJ credited Dr. Van Belois's early opinions with only "minimal to middle weight" because the treatment had just begun, her statements were brief and

3

conclusory, and the opinion was based, in part, on Conley's own subjective complaints, which the ALJ found to be not entirely credible. *See Bray*, 554 F.3d at 1228; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ discounted Dr. Van Belois's later statements because they conflicted directly with Conley's claimed daily activities and were again heavily based on Conley's subjective complaints. Because the ALJ cited to specific and legitimate reasons for discounting Dr. Van Belois's opinion, he did not commit legal error.

Relying almost exclusively on her previously rejected claim that the ALJ erred in not according "greater weight" to Dr. Van Belois's opinion, Conley also argues that the ALJ failed to consider the record as a whole and thus erred in calculating her residual functioning capacity ("RFC"). As explained above, we think that the ALJ properly discounted Conley's subjective complaints and the opinion of Dr. Van Belois. We therefore hold that the ALJ did not err in determining that Conley's RFC was something other than what Dr. Van Belois suggested. Rather, because the evidence as a whole—including medical evidence, evidence of Conley taking care of her grandchildren for several hours a day, and other evidence of her daily activities—could lead a reasonable mind to accept the ALJ's conclusion that Conley had an RFC to perform at least light work, we do not find any legal error or that the evidence was insufficient to support the ALJ's

4

determination.  *See* 20 C.F.R. § 404.1545(a); *see also* Social Security Ruling

96-8p, 1996 WL 374184, at \*2 (July 2, 1996).

AFFIRMED.